

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KERMIT C. BROWN,

    Petitioner,

v.                                              CRIMINAL ACTION NO. 2:98-cr-47

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner **KERMIT C. BROWN**'s ("Petitioner") Motion for Compassionate Release. ECF Nos. 617 and 623. For the reasons stated below, Petitioner's Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 14, 1998, Petitioner was indicted as part of a multi-defendant indictment on several charges related to a drug conspiracy, including:

- **Count 1**: Conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and a quantity of heroin (21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846);

- **Count 3**: Murder during a Continuing Criminal Enterprise (21 U.S.C. § 848(e)(1)(A));

- **Count 4**: Use of a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)); and

- **Count 17**: Possession with Intent to Distribute a Quantity of Cocaine Base (21 U.S.C. § 841(a)(1), (b)(1)(C))

ECF No. 10. Petitioner went to trial, and on October 16, 1998, he was found guilty on all four counts. ECF No. 55. On January 14, 1999, Petitioner was sentenced. ECF No. 57. Petitioner's

mandatory guideline range was Life imprisonment. ECF No. 583 at ¶ 247. The Court therefore sentenced him to Life imprisonment on Counts 1 and 3, 240 months imprisonment on Count 17, all to be served concurrently, and 60 months on Count 4, to be served consecutive to the three other counts. ECF No. 57.

On February 8, 2021, Petitioner filed a *pro se* Motion for Compassionate Release based upon the ongoing COVID-19 pandemic. ECF No. 617. The Court ordered appropriate responses on April 16, 2021. ECF No. 618. Petitioner's counsel supplemented Petitioner's Motion on May 17, 2021. ECF No. 623. The Government responded in opposition on June 8, 2021. ECF No. 629. Petitioner did not file a reply. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

Relevant to the issue of compassionate release, the text of 18 U.S.C. § 3582(c)(1)(A), as amended by the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("FIRST STEP Act"), provides:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment [] after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > **(i)** extraordinary and compelling reasons warrant such a reduction; or
> > **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, [etc.].
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, pursuant to § 3582(c)(1)(A), a district court may reduce a sentence upon a petitioner's motion with the following findings: (1) the petitioner has achieved compliance with

2

the 30 day exhaustion requirement, absent circumstances justifying its waiver; (2) the petitioner has made a demonstration satisfying the requirements of either § 3582 (c)(1)(A)(i) or § 3582 (c)(1)(A)(ii); (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (4) a reduction is supported by the application of the § 3553(a) factors.

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may; however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. Compassionate Release and the Applicable Policy Statements

Before passage of the FIRST STEP Act, the Sentencing Commission issued a policy statement governing protocols for compassionate release. *See* U.S.S.G. §1B1.13. The Sentencing Commission provided that a sentence may be modified upon consideration of the petitioner's medical condition, age, or family circumstances. U.S.S.G. §1B1.13, n. 1 (A)–(C). Additionally, the Sentencing Commission further defined the limits under which a sentence reduction may be awarded. *Id.* The Sentencing Commission also provided a "catch-all provision" that allowed for a

sentence modification upon a showing of an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Unfortunately, use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

Now, defendants may petition courts directly for a sentence modification, without seeking clearance from the Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(1)(A). Moreover, U.S.S.G. §1B1.13 is now outdated following passage of the FIRST STEP Act and the Sentencing Commission has yet to issue any subsequent applicable policy statements. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *See McCoy v. United States*, 981 F.3d 271 (4th Cir. 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive").

Therefore, the Court may consider a combination of factors, including—but not limited to—those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i). By statute, Congress specifically states that a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t).

## III. DISCUSSION

### A. The Exhaustion Issue

On February 14, 2021, Petitioner completed a request for compassionate release based upon the ongoing COVID-19 pandemic. ECF No. 623-2. The warden of Petitioner's correctional facility denied his request on March 24, 2021. *Id.* at 623-3. Because 30 days lapsed between Petitioner's request and the warden's response, Petitioner satisfied the exhaustion requirements under § 3582(c)(1)(A). Moreover, had the warden's denial been timely, that too would warrant satisfaction of the exhaustion requirements under § 3582(c)(1)(A). Therefore, the Court properly has jurisdiction to adjudicate Petitioner's motion for compassionate release.

### B. Resolution of Petitioner's Request for Compassionate Release

*1. Evaluation of Petitioner's "Extraordinary and Compelling Reason"*

In evaluating whether an "extraordinary and compelling reason" for release has been established based upon the COVID-19 pandemic, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton).

Here, Petitioner is presently incarcerated at USP Coleman I which houses approximately 1,286 inmates. *USP COLEMAN I*, BOP, https://www.bop.gov/locations/institutions/cop/. At this time, USP Coleman I oversees 104 inmates who have recovered from COVID-19 but maintains no current COVID-19 diagnoses. *See COVID19 Inmate Test Information*, BOP, https://www.bop.gov/coronavirus/. As the BOP continues to distribute its allotment of COVID-19 vaccines, the entire Coleman FCC has fully vaccinated 3799 inmates, including Petitioner. *COVID-19 Vaccine Implementation*, BOP, https://www.bop.gov/coronavirus/; ECF No. 623.

5

Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020). Here, Petitioner proffers his age (50 years of age), type II diabetes, hypertension, and obesity as underlying conditions that may exacerbate a potential COVID-19 infection. ECF No. 623 at 4. The CDC does indicate that having diabetes, being obese (BMI > 30 but < 40) and having hypertension "can make you more likely to get severely ill from COVID-19."[1] The CDC also states that older adults are "more likely to get severely ill from COVID-19"[2] Despite Petitioner's ailments, however, the Court is unable to conclude that Petitioner presents an extraordinary and compelling reason to warrant release from prison.

The Court has examined Petitioner's brief and medical records and acknowledges that Petitioner is 50 years of age and clinically obese with a BMI of 37.02. ECF No. 623 at 2. The Court also notes that Petitioner's hypertension and diabetes are seemingly controlled with long-term medication. ECF No. 625 at 10. Moreover, Petitioner is fully vaccinated, which leads the Court to believe that under current CDC guidelines, Petitioner is sufficiently protected from the harm that may result from a potential COVID-19 diagnosis. The CDC advises that upon vaccination, "[y]ou can resume activities that you did prior to the pandemic," and "[y]ou can resume activities without wearing a mask or staying 6 feet apart."[3] Moreover, "COVID-19 vaccines are effective at preventing COVID-19 disease, especially severe illness and death."[4] With

---

[1] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.
[2] *Id.*
[3] *When You've Been Fully Vaccinated*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Jul. 26, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html.
[4] *Id.*

this information from the CDC and knowing that Petitioner is fully vaccinated and in an environment in which most of the inmates within his facility are also vaccinated (and continuing to be vaccinated), the Court cannot conclude that Petitioner's circumstances are so extraordinary as to warrant release from incarceration.

*2. Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In evaluating *18 U.S.C. § 3553(a)* as applied to Petitioner, even if Petitioner had an extraordinary and compelling reason for release, his § 3553(a) factors do not favor a sentence reduction at this time. The Court notes that Petitioner's offense conduct is much more serious than the title of the offense. *See* ECF No. 583. As an enforcer within the drug conspiracy, Petitioner's offense involved not just drugs, but a series of violent acts, including participation in murder. *Id.* at ¶ 37. On September 27, 1993, Petitioner, and at least three others, murdered an individual based upon a drug dispute. *Id.* Moreover, at the time of sentencing, Petitioner had a criminal history category of IV. *Id.* at ¶ 246. Petitioner began his history of violence at the age of 16 when he committed armed robbery and armed kidnapping at a seafood store, which involved pointing a gun at both children and adults. *Id.* at ¶ 208. Petitioner was also convicted of Aggravated Malicious Wounding after he attempted to rob someone at gunpoint, and when the individual stated that he did not have any money, Petitioner proceeded to beat and shoot the individual. *Id.* at ¶ 210. Therefore, given Petitioner's violent prior conduct, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense…and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B).

To date, Petitioner has served approximately 23 years of his life sentence. The Court recognizes that Petitioner has maintained steady employment while incarcerated and successfully completed various rehabilitation programming. ECF No. 623-5. However, after full consideration

of the § 3553(a) factors, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

While the world continues to grapple with the pandemic, it is imperative to acknowledge that many persons who are incarcerated suffer from a variety of ailments that may make them susceptible to severe illness from a COVID-19 diagnosis. With the added protection of a COVID-19 vaccine, vaccinated inmates with various comorbidities are now better positioned against a COVID-19 diagnosis than the inmates who were released prior to widespread accessibility to a COVID-19 vaccine. As the Court continues to exercise its discretion in releasing the most vulnerable inmates in light of the pandemic, the Court declines to release inmates who lack a significant showing of potential fatality from a COVID-19 diagnosis, especially those that are fully vaccinated. Based upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief after considering the unfulfilled purposes of Petitioner's original sentence.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
July 30, 2021

Raymond A. Jackson
United States District Judge