IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KERMIT C. BROWN,

    Petitioner

v.                                                CRIMINAL ACTION NO. 2:98-cr-47(11)

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

    Before the Court is Kermit C. Brown's ("Petitioner") *pro se* Motion Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure ("Motion"), filed October 30, 2023. ECF No. 672 ("Pet'r's Mot."). For the reasons below, Petitioner's Motion is **DENIED in part and DISMISSED in part** for want of jurisdiction.

                                   **I.    FACTUAL AND PROCEDURAL HISTORY**

    On April 14, 1998, Petitioner was indicted as part of a multi-defendant indictment on several charges related to a drug conspiracy, including:

- Count 1: Conspiracy to Distribute and Possess with Intent to Distribute 50 grams or more of Cocaine Base and a Quantity of Heroin (21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846);

- Count 3: Murder during a Continuing Criminal Enterprise (21 U.S.C. § 848(e)(1)(A));

- Count 4: Use of a Firearm During and in Relation to a Crime of Violence (18 U.S.C. § 924(c)(1)); and

- Count 17: Possession with Intent to Distribute a Quantity of Cocaine Base (21 U.S.C. § 841(a)(1), (b)(1)(C)).

ECF No. 10. Petitioner went to trial, and on October 16, 1998, he was found guilty on all four counts. ECF No. 55. Petitioner's mandatory Guideline Range was life imprisonment. ECF No. 583 at ¶ 247. On January 14, 1999, the Court therefore sentenced Petitioner to life imprisonment on Counts 1 and 3, to be served concurrently; 240 months' imprisonment on Count 17, to run concurrently with Count 1; and 60 months' imprisonment on Count 4, to be served consecutively to Counts 1 and 3. ECF No. 57. Petitioner was also required to pay a Special Assessment of $100.00 on Count 1 and Special Assessments of $50.00 for each other Count, resulting in a total Special Assessment of $250.00. *Id.*

Petitioner appealed, and on August 2, 2000, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed this Court's judgment. ECF No. 86. On February 2, 2001, Petitioner filed a Motion to Receive Trial Transcripts, Jury Instructions, and Special Verdict Form. ECF No. 87. The Court denied that motion on February 7, 2001, and the Fourth Circuit affirmed on August 15, 2001. ECF Nos. 88, 92, 94–95; *see United States v. Brown*, 16 Fed. App'x 232 (4th Cir. 2001).

On October 15, 2001, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 ("2001 § 2255 motion"), which the Court dismissed as untimely pursuant to § 2255(f)(4) on November 6, 2001. ECF Nos. 96, 99. In the same opinion, the Court denied Petitioner's Motion for Enlargement of Time filed on October 1, 2001, in which Petitioner requested additional time to receive the sentencing transcripts and special verdict form "needed to raise an effective constitutional challenge against his convictions and sentences" before filing the 2001 § 2255 motion. ECF No. 93 at 5; *see* ECF No. 99 at 4–5. Petitioner appealed the Court's judgment, and

2

on April 16, 2002, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. ECF Nos. 100–104; *see United States v. Brown*, 32 Fed. App'x 122 (4th Cir. 2002).

On March 21, 2003, Petitioner filed a Motion for Writ of Mandamus asking the Court to reconsider its dismissal of the 2001 § 2255 motion. ECF No. 105. The Court construed this motion as a successive § 2255 motion filed without authorization from the Fourth Circuit and dismissed it on April 9, 2003. ECF No. 106. On August 22, 2003, Petitioner filed a Motion to Recall the Court's dismissal of the 2001 § 2255 motion pursuant to Federal Rules of Civil Procedure 60(b)(5) and 60(b)(6), which the Court denied on December 10, 2003. ECF Nos. 107, 110. Petitioner appealed, and on July 8, 2004, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. ECF Nos. 111, 188, 203; *see United States v. Brown*, 102 Fed. App'x 334 (4th Cir. 2004). The Supreme Court denied certiorari on November 1, 2004. *See Brown v. United States*, 543 U.S. 976 (2004).

On March 28, 2005, Petitioner filed another § 2255 motion.[1] ECF No. 233. Petitioner again did not obtain certification from the Fourth Circuit to file a second or successive habeas petition, and the Court dismissed the motion as successive on April 22, 2005. ECF No. 241. On May 25, 2004, the Fourth Circuit denied Petitioner's Motion for Authorization to file a successive § 2255 motion pursuant to 28 U.S.C. § 2244. ECF No. 246.

On July 27, 2009, Petitioner filed a Motion for Review of the Error in dismissing his 2001 § 2255 motion for untimeliness. ECF No. 394. The Court denied the Motion for Review on July 29, 2009, and the Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal on February 24, 2010. ECF Nos. 395, 419; *see United States v. Brown*, 366 Fed. App'x 465

---

[1] Petitioner first filed his successive § 2255 motion on March 14, 2005, but the Court ordered him to refile with original signatures included. ECF Nos. 230, 232.

3

(4th Cir. 2010).

On January 6, 2023, Petitioner filed a Second-In-Time Motion for Reduced Sentence pursuant to § 404 of the First Step Act of 2018 ("First Step Act Motion") and requested appointment of counsel. ECF No. 662–63. On January 12, 2023, the Court appointed attorney Nathan A. Chapman to represent Petitioner for purposes of the First Step Act Motion. ECF No. 664. On April 12, 2023, Petitioner filed a Motion to Withdraw the First Step Act Motion, which the Court granted on April 19, 2023. ECF Nos. 668–69.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The purpose of Rule 60(b) is to allow courts to correct obvious errors or injustices, not to provide Petitioner with an alternative to an appeal. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Ackerman v. United States*, 340 U.S. 193, 198 (1950)). As the Fourth Circuit has explained, "before a party may seek relief under Rule 60(b), a party must first show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Id.* Once this "initial threshold" is crossed, the

party "then must satisfy one of the six specific sections of Rule 60(b)." *Id.* "An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). Courts "narrowly construe the concept of a 'void' order under Rule 60(b)(4) precisely because of the threat to finality of judgments." *Id.* Additionally, the catch-all provision of Rule 60(b)(6) "is not ordinarily available to those challenging previously denied habeas relief. To the contrary, a showing of 'extraordinary circumstances' is required for a successful 60(b)(6) motion." *Moses v. Joyner*, 815 F.3d 163, 168 (4th Cir. 2016).

"[D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). Before filing a "second or successive" motion pursuant to 28 U.S.C. § 2255, a petitioner must first move the relevant court of appeals to issue an order authorizing the district court to consider the successive motion. *See* 28 U.S.C. § 2244(b)(3); *Winestock*, 340 F.3d at 205. "A Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition," meaning it "may not be filed in district court without preauthorization from a court of appeals under § 2244(b)(3)(A)." *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005)). "A Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings,' however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." *Id.* (quoting *Gonzalez*, 545 U.S. at 532).

A *pro se* petitioner is entitled to have his petition and asserted issues construed liberally.

5

*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[L]iberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022).

### III. DISCUSSION

Petitioner's Motion is styled as a Rule 60(b)(4) challenge to this Court's Order dismissing Petitioner's 2001 § 2255 motion for untimeliness. *See* Pet'r's Mot. at 1.[2] Over twenty years since the Court issued that Order, Petitioner asks the Court to "reopen" the proceedings surrounding his 2001 § 2255 motion ("2001 § 2255 proceedings") because of alleged defects in the collateral review process that render the judgment void. *Id.* (citing *United States v. Gonzalez*, 570 Fed. App'x 330, 334 (4th Cir. 2014)); *see* ECF No. 99. This Court has already denied or dismissed several challenges Petitioner raised against the 2001 § 2255 proceedings, including under Rule 60(b), and the Fourth Circuit dismissed Petitioner's appeals of those decisions. *See* ECF Nos. 106, 110, 104, 203, 395, 419; *Brown*, 32 Fed. App'x at 122; *Brown*, 102 Fed. App'x at 334; *Brown*, 366 Fed. App'x at 465.

Petitioner raises several claims in the instant Motion:

1. The Government fabricated evidence and withheld exculpatory evidence at trial, on appeal, and in the 2001 § 2255 proceedings, thereby violating Petitioner's constitutional rights to due process and to be free of unlawful seizures. Pet'r's Mot. at 3–6. According to Petitioner, he was incarcerated during the period when the alleged overt acts in furtherance of the drug conspiracy took place. *Id.* at 3–4. Both

---

[2] The Court employs the pagination implemented by Petitioner at the bottom of his Motion.

the Government and Petitioner's counsel allegedly failed to raise this exculpatory evidence. *Id.*

2. There was insufficient evidence at trial to convict Petitioner of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base under 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. *Id.* at 6–8.

3. The Court failed to afford Petitioner a liberal construction of his 2001 § 2255 motion when it dismissed the motion for untimeliness without analyzing its merits. *Id.* at 8–11.

4. Petitioner's trial counsel, appellate counsel, and appointed counsel for his Motion for Compassionate Release ("compassionate release counsel") were constitutionally ineffective because they failed to raise the exculpatory evidence that Petitioner was incarcerated when the alleged overt acts in furtherance of the drug conspiracy took place. *Id.* at 11–13.

5. The Court failed to instruct the jury it was obliged to determine the threshold drug quantity attributable to each defendant, as opposed to the conspiracy as a whole, in violation of *United States v. Collins*, 415 F.3d 304 (4th Cir. 2005). *Id.* at 13–19.

6. The Court imposed concurrent life sentences for Petitioner's offenses under 21 U.S.C. §§ 846 and 848, in violation of *Rutledge v. United States*, 517 U.S. 292 (1996). *Id.* at 19–22.

7. The Court failed to instruct the jury that it must agree unanimously on the specific acts that support a conviction for engaging in a continuing criminal enterprise under 21 U.S.C. § 848, in violation of *Richardson v. United States*, 526 U.S. 813 (1999).

*Id.* at 22–23. Because *Richardson* was established at the time of the 2001 § 2255 motion, the Court erred in holding the motion was time-barred. *Id.* at 23.

8. There was insufficient evidence to convict Petitioner of aiding and abetting murder under Count 3 because that conviction relied on evidence of Petitioner's latent fingerprint allegedly found on the murder victim's car window along with 13 other unidentifiable fingerprints. *Id.* at 24–26 (citing *United States v. Van Fossen*, 460 F.2d 38 (4th Cir. 1972); *United States v. Corso*, 439 F.2d 956 (4th Cir. 1971)). Petitioner also argues this evidence contradicts his assertion he was incarcerated during the time the alleged crimes were committed. *Id.* at 26 (citing *United States v. Lobo-Lopez*, 468 Fed. App'x 186, 194 (4th Cir. 2012); *Clark v. Mazurkiewicz*, No. 2:12-213, 2013 U.S. Dist. Lexis 12745 (W.D. Penn. 2013)).

9. Petitioner is actually innocent of all charges. *Id.* at 26, 30.

10. The Court improperly held that Petitioner's 2001 § 2255 motion was time barred despite the fact his attorney wrongfully withheld Petitioner's trial transcripts and verdict forms necessary to support that motion. *Id.* at 26–30. Petitioner argues that he is now entitled to equitable tolling of the § 2255(f) statute of limitations because (1) he has been pursuing his rights diligently and (2) because his attorney's withholding of necessary documents constitutes extraordinary circumstances. *See id.* (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Weddington v. Zatecky*, 721 F.3d 456, 464–65 (7th Cir. 2013)).

In this list, only claims 1, 3, 7, and 10 raise Rule 60(b) challenges to the 2001 § 2255 proceedings. The remaining claims, and some portions of those four claims, collaterally attack Petitioner's underlying conviction and the effectiveness of his trial, appellate, and compassionate

release counsel. The Court will thus analyze Petitioner's true Rule 60(b) claims separately from the other collateral attacks he raises.

### A. Petitioner's Rule 60(b) Challenges to the 2001 § 2255 Proceeding

Considering Petitioner's Motion liberally, Petitioner fails to overcome the threshold requirement to demonstrate that claims 1, 3, 7, and 10 are timely made. *See Dowell*, 993 F.2d at 48. Petitioner asserts there is no time limit for Rule 60(b)(4) motions because void judgments may be attacked at any time. Pet'r's Mot. at 1 (citing *Garcia Fin. Grp., Inc. v. Va. Accelerators Corp.*, 3 Fed. App'x 86, 89 n.3 (4th Cir. 2001)). Yet "Rule 60(c)(1) requires that 60(b) motions 'be made within a reasonable time,' and the movant bears the burden of showing timeliness." *Moses*, 815 F.3d at 166 (quoting Fed. R. Civ. P. 60(c)(1)) (citation omitted). Rule 60(c)'s flexible "reasonable time" standard "reflect[s] the considerable latitude of judgment our system reposes in trial courts." *Id.* at 167.

Petitioner does not satisfy the "reasonable time" standard because he filed the instant Motion twenty-two years after the Court dismissed his 2001 § 2255 motion. Courts within the Fourth Circuit have dismissed Rule 60(b) motions in similar circumstances and within far less time after entry of the challenged judgment. *See Moses*, 815 F.3d at 166–67 (affirming dismissal of Rule 60(b) motion for untimeliness where defendant waited two-and-a-half years after new relevant case law was published before filing his Rule 60(b) motion); *United States v. Beckford*, No. 3:96cr66-2, 2019 WL 2112958, at *1 (collecting cases and holding Rule 60(b) motion untimely where defendant filed over seventeen years after the entry of the challenged judgment); *Godfrey v. Dir. of Dep't of Corrections*, 2016 WL 9175643, at *2 (E.D. Va. Sept. 6, 2016) (denying Rule 60(b)(6) claims as untimely when raised three and four years after entry of judgment and intervening case law, respectively). Petitioner does not explain his twenty-two year delay or why

9

he did not raise these arguments in his prior Rule 60(b) challenge in 2003. *See* ECF No. 107. Therefore, Petitioner has not satisfied his burden to demonstrate that his Motion is timely.

Additionally, the Court finds that Petitioner fails to establish a meritorious defense. *See Dowell*, 993 F.2d at 48. Petitioner has not established that the Court lacked personal or subject matter jurisdiction or violated due process when dismissing the 2001 § 2255 motion for untimeliness for purposes of Rule 60(b)(4). *See Mattison v. McDonough*, No. 4:19cv18, 2021 WL 10716561, at *2 (E.D. Va. Sept. 29, 2021), *aff'd*, No. 21-2186, 2022 WL 1055571 (4th Cir. Apr. 8, 2022). Petitioner also has not established "extraordinary circumstances" or "any other reason that justifies relief" under Rule 60(b)(6). *See Dowell*, 993 F.2d at 48; *Beckford*, 2019 WL 2112958, at *2.

For these reasons, Petitioner's Rule 60(b) Motion challenging the 2001 § 2255 proceedings is DENIED.

## B. Petitioner's Challenge to the Effectiveness of his Compassionate Release Counsel

Petitioner alleges that he asked his appointed compassionate release counsel, Attorney Nathan A. Chapman, to argue in a Motion for Compassionate Release that (1) Petitioner was incarcerated during the time the alleged overt acts took place and (2) there was no evidence offered at trial to prove the conspiracy. Pet'r's Mot. at 13. Mr. Chapman allegedly "indicated that there was nothing he could do" regarding these claims. *Id.* Petitioner contends Mr. Chapman's unwillingness to make these arguments constitutes ineffective assistance of counsel. *Id.* at 11, 13 (citing *United States v. Cronic*, 466 U.S. 648, 659–60 (1984)). Petitioner argues he was "denied counsel at a critical stage of his trial," meaning he is entitled to "automatic reversal" and need not demonstrate that he was adversely affected by his counsel's ineffectiveness. *Id.* at 11 (quoting *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019)).

A motion for compassionate release pursuant to 18 U.S.C. § 3582 is a post-trial motion for relief from one's sentence. The Court appointed Mr. Chapman to represent Petitioner for purposes of Section 603(b) of the FIRST STEP Act of 2018[3] and ordered Mr. Chapman to file a motion to withdraw "[i]f, after a conscientious review of Petitioner's case, [he] finds the request for relief frivolous." ECF No. 664. On April 12, 2023, Mr. Chapman filed a Motion to Withdraw on behalf of Petitioner, explaining that upon his conscientious review of the case and lengthy discussions with Petitioner about his arguments, "it is [Petitioner's] well-informed decision to withdraw his motion [for compassionate release] at this time." ECF No. 668. The Court granted Petitioner's Motion to Withdraw. ECF No. 669.

Assuming Petitioner's ineffective assistance of counsel claim is properly raised under Rule 60(b) to request relief from the Court's Order granting his Motion to Withdraw, Petitioner fails to show he has a meritorious defense or that extraordinary circumstances warrant relief. First, Petitioner was not denied counsel at a "critical stage of his trial" because the trial was already complete, and Petitioner has no Sixth Amendment right to counsel when making a § 3582 motion. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) ("It is well settled that 'a criminal defendant has no right to counsel beyond his first appeal.'" (quoting *Coleman v. Thompson*, 501 U.S. 722, 756 (1991))); *United States v. Maisey*, No. 5:19-CR-3, 2020 WL 5866257, at *1 (N.D. W. Va. Oct. 1, 2020) (holding the petitioner had no Sixth Amendment right to counsel in connection with a § 3582(c) motion and collecting cases).

Second, even if Petitioner had a Sixth Amendment right to effective counsel when making

---

[3] Section 603(b) amended 18 U.S.C. § 3582(c) to allow a petitioner to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *United States v. Muhammad*, 16 F.3th 126, 131 (4th Cir. 2021).

11

a motion for compassionate release, Petitioner does not show he has a meritorious ineffective assistance claim. To succeed on an ineffective assistance of counsel claim, Petitioner must show that counsel's performance was constitutionally deficient and that he was prejudiced by counsel's performance. *See Strickland v. Washington*, 466 U.S. 668, 687–89 (1984). Mr. Chapman's appointment was limited to representing Petitioner for the purposes of his § 3582 motion for compassionate release. Petitioner's proposed arguments attack the validity of his conviction and sentence, which are properly raised under 28 U.S.C. § 2255, not 18 U.S.C. § 3582. *See* 28 U.S.C. § 2255(a); *United States v. Ferguson*, 55 F.4th 262, 271 (4th Cir. 2022) ("Because § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements."). Therefore, Mr. Chapman could not have validly made the arguments Petitioner requested of him. Additionally, Petitioner made a voluntary, "well-informed decision to withdraw his motion" for compassionate release after discussing the merits of his motion with Mr. Chapman. ECF No. 668. Therefore, Petitioner makes no meritorious claim that Mr. Chapman's performance was deficient or that he was prejudiced by counsel's performance. *See Strickland*, 466 U.S. at 687–89.

For these reasons, Petitioner does not show that he has a meritorious defense or that extraordinary circumstances exist regarding Mr. Chapman's performance. Therefore, Petitioner's Rule 60(b) motion is DENIED to the extent he seeks relief from the Court's Order granting the Motion to Withdraw. To the extent Petitioner raises this challenge to "continu[e] his collateral attack on his . . . sentence," it constitutes a successive § 2255 motion filed without authorization from the Fourth Circuit and is therefore DISMISSED for want of jurisdiction, as explained below. *Winestock*, 340 F.3d at 205; *see* 28 U.S.C. § 2244(b)(3)(A); *McRae*, 793 F.3d at 397.

C.  **Petitioner's Challenges to his Conviction and Sentence**

All of Petitioner's remaining claims—including claims 1, 2, 4, 5, 6, 7, 8, and 9 in the list above—collaterally attack his underlying conviction and sentence, not the 2001 § 2255 proceedings. Therefore, the remainder of Petitioner's Rule 60(b) Motion must be treated as a successive § 2255 motion. *Winestock*, 340 F.3d at 203. Petitioner has not sought authorization from the Fourth Circuit to file a successive § 2255 motion, and he cannot use Rule 60(b) to gain consideration of his arguments. *See* 28 U.S.C. § 2244(b)(3)(A); *McRae*, 793 F.3d at 397. Therefore, the remainder of Petitioner's Motion is DISMISSED for want of jurisdiction.

## IV.  CONCLUSION

For the reasons stated above, Petitioner's Motion Pursuant to Rule 60(b)(4), ECF No. 672, is **DENIED in part** and **DISMISSED in part** for want of jurisdiction. The Motion is DENIED to the extent it presents a Rule 60(b) motion for relief from the Court's judgment dismissing Petitioner's 2001 § 2255 motion, ECF No. 99, and from the Court's judgment granting Petitioner's Motion to Withdraw his Motion for Compassionate Release. ECF No. 669. The remainder of the instant Motion is DISMISSED for want of jurisdiction because it constitutes a second or successive § 2255 motion filed without authorization from the Fourth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A).

This Court may issue a certificate of appealability only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). This means Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)); *see United States v. Swaby*,

855 F.3d 233, 239 (4th Cir. 2017). Because Petitioner fails to substantially demonstrate the denial of a constitutional right, a Certificate of Appealability is **DENIED**.

The Court **ADVISES** Petitioner that he may appeal this order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, VA 23510. The Clerk must receive this written notice within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner and the United States Attorney, Eastern District of Virginia.

**IT IS SO ORDERED.**

Norfolk, Virginia
December /9, 2023

Raymond A. Jackson
United States District Judge